**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY LONG** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:21-cv-2010** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **P.A.M. TRANSPORTATION** | § | |
| **SERVICES, INC.** | § | |
| **Defendants.** | § | |

---

**DEFENDANT P.A.M. TRANSPORTATION SERVICES, INC.'S
NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. § 1441(a) and Local Rule 81.1, Defendant P.A.M. TRANSPORTATION SERVICES, INC. (hereinafter "Defendant") hereby removes to this Court the state court action described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

**A.
THE REMOVED CASE**

1.      The removed case is a civil action filed with the County Court at Law No. 2 of Dallas County, Texas, on July 22, 2021, styled *Larry Long v. P.A.M. Transportation Services, Inc.* under Cause No. CC-21-02978-B.

**B.
REMOVAL IS TIMELY**

2.      Plaintiff Larry Long ("Plaintiff") filed the present civil suit against Defendant in the County Court at Law No. 2 of Dallas County, Texas on July 22, 2021 (the "State Court Action").  Defendant was served with Plaintiff's Original Petition ("the Petition") on July 27, 2021.

In the Petition, Plaintiff asserts causes of action for discrimination, wrongful termination, and unlawful retaliation against Defendant.

3.      The thirtieth day after service of Plaintiff's Original Petition falls on August 26, 2021, and accordingly this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b).

### C.
### VENUE IS PROPER

4.      The United States District Court for the Northern District of Texas, Dallas Division, is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the County Court at Law No. 2 of Dallas County, Texas, is located within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

### D.
### DIVERSITY OF CITIZENSHIP EXISTS

5.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

6.      According to the Petition, Plaintiff is a citizen of the State of Texas.  Defendant is a foreign Corporation organized and existing under the laws of the State of Delaware. Defendant's principal place of business is located at 297 West Henri De Tonti Boulevard, Tontitown, Arkansas 72770. As such, Defendant is a citizen of the State of Delaware and the State of Arkansas.

7.      Because the Plaintiff is a citizen of the State of Texas and Defendant is a citizen of the State of Delaware and the State of Arkansas, complete diversity of citizenship exists between all parties as required by 28 U.S.C. § 1332 for purposes of diversity jurisdiction.  Thus, this Court has jurisdiction over the parties based on diversity of citizenship.

**E.**
**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

8.      Plaintiff alleges in the Petition that he seeks "monetary relief over $1,000,000."[1] Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1332 because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs as pled by the Plaintiff in the Original Petition.

**F.**
**FILING OF REMOVAL PAPERS**

9.      Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the County Court at Law No. 2 of Dallas County, in which this action was originally commenced.

10.      Copies of all pleadings, process, orders, the docket sheet, and a list of all counsel of record in the State Court Action are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81.1.  An index of matters being filed is also attached hereto as Exhibit A.

**G.**
**CONCLUSION**

Defendant hereby removes the above-captioned lawsuit from the County Court at Law No. 2 of Dallas County, and requests that all further proceedings be conducted in the United States District Court for the Northern District of Texas, Dallas Division, as provided by law.

---

[1] *See* "Plaintiff's Original Petition" at p.2, section IV, paragraph 5.

Respectfully submitted,

**MAYER LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
T:  214-379-6900 / F:  214-379-6939

By:      */s/ Robert L. Rickman*
         Robert L. Rickman
         rrickman@mayerllp.com
         State Bar No. 24013400
         Mavish Bana
         mbana@mayerllp.com
         State Bar No. 24096653

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on August 25, 2021, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Northern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Northern District of Texas:

| | |
|---|---|
| Jamie J. Gilmore<br>Brittney L. Thompson<br>BAILEY & GALYEN<br>2777 N. Stemmons Fwy. Suite 1150<br>Dallas, Texas 75207<br>jgilmore@galyen.com<br>State Bar No. 24045262<br>bthompson@galyen.com<br>State Bar No. 24104618<br><br>*Counsel for Plaintiff* | ☐E-MAIL<br>☐HAND DELIVERY<br>☐FACSIMILE<br>☐OVERNIGHT MAIL<br>☐REGULAR, FIRST CLASS MAIL<br>☒CM/ECF<br>☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

*/s/ Robert L. Rickman*
Robert L. Rickman

DOC #7766853 / 78410.00009

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY LONG** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:21-cv-2010** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **P.A.M. TRANSPORTATION** | § | |
| **SERVICES, INC.** | § | |
| **Defendants.** | § | |

---

**DEFENDANT P.A.M. TRANSPORTATION SERVICES, INC.'S
INDEX OF MATTERS BEING FILED**

---

Defendant P.A.M. TRANSPORTATION SERVICES, INC., files this Index of all documents filed in the State Court Action:

(1)  Case Docket Sheet in State Court Action;

(2)  Plaintiff's Original Petition filed July 22, 2021;

(3)  Citation issued for service on P.A.M. Transportation Services, Inc. dated July 23, 2021;

(4)  Affidavit of Service on P.A.M. Transportation Services, Inc. filed July 30, 2021; and

(5)  Defendant's Original Answer filed August 23, 2021.

Respectfully submitted,

**MAYER LLP**
750 Saint Paul Street, Suite 700
Dallas, Texas 75201
T:  214-379-6900 / F:   214-379-6939

By: */s/ Robert L. Rickman*
Robert L. Rickman
rrickman@mayerllp.com
State Bar No. 24013400
Mavish Bana
mbana@mayerllp.com
State Bar No. 24096653

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on August 25, 2021, the foregoing *Index of Matters Being Filed* was electronically filed, as required by the United States District Court for the Northern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Northern District of Texas:

| | |
|---|---|
| Jamie J. Gilmore<br>Brittney L. Thompson<br>BAILEY & GALYEN<br>2777 N. Stemmons Fwy. Suite 1150<br>Dallas, Texas 75207<br>jgilmore@galyen.com<br>State Bar No. 24045262<br>bthompson@galyen.com<br>State Bar No. 24104618<br><br>*Counsel for Plaintiff* | ☐E-MAIL<br>☐HAND DELIVERY<br>☐FACSIMILE<br>☐OVERNIGHT MAIL<br>☐REGULAR, FIRST CLASS MAIL<br>☒CM/ECF<br>☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

*/s/ Robert L. Rickman*
Robert L. Rickman

DOC# 7770553 / 78410.00009

# Exhibit 1

## Case Information

CC-21-02978-B | LARRY LONG vs.P.A.M. TRANSPORTATION SERVICES, INC.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-21-02978-B | County Court at Law No. 2 | BELLAN, MELISSA |
| File Date | Case Type | Case Status |
| 07/22/2021 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
LONG, LARRY

Active Attorneys ▾
Lead Attorney
GILMORE, JAMIE J
Retained

DEFENDANT
P.A.M. TRANSPORTATION SERVICES, INC.

Address
SERVE ITS REGISTERED AGENT: OSCAR RAMOS
2010 LOS SUENOS COURT
LAREDO TX 78045

Active Attorneys ▾
Lead Attorney
RICKMAN, ROBERT L
Retained

## Events and Hearings

07/22/2021 NEW CASE FILED (OCA)

07/22/2021 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF'S ORIGINAL PETITION

07/23/2021 JURY TRIAL DEMAND

07/23/2021 ISSUE CITATION ▾

CITATION 2012

  Comment
  ESERVE# 55648853

07/23/2021 CITATION (SERVICE)▾

Served
07/27/2021

Anticipated Server
ATTORNEY

Anticipated Method
Comment
P.A.M. TRANSPORTATION SERVICES, INC.

07/30/2021 RETURN OF SERVICE ▾

RETURN OF SERVICE

08/23/2021 ORIGINAL ANSWER ▾

DEFENDANT'S ORIGINAL ANSWER

  Comment
  DEFENDANT'S ORIGINAL ANSWER

08/23/2021 JURY TRIAL DEMAND

# Financial

LONG, LARRY
|  | Total Financial Assessment |  |  | $321.00 |
|  | Total Payments and Credits |  |  | $321.00 |

| 7/23/2021 | Transaction Assessment |  |  | $321.00 |
| 7/23/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-07448 | LONG, LARRY | ($321.00) |

P.A.M. TRANSPORTATION SERVICES, INC.
|  | Total Financial Assessment |  |  | $40.00 |
|  | Total Payments and Credits |  |  | $40.00 |

| 8/23/2021 | Transaction Assessment |  |  | $40.00 |
| 8/23/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-08606 | P.A.M. TRANSPORTATION SERVICES, INC. | ($40.00) |

**Documents**

PLAINTIFF S ORIGINAL PETITION

CITATION 2012

RETURN OF SERVICE

DEFENDANT'S ORIGINAL ANSWER

# Exhibit 2

FILED
7/22/2021 4:44 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. _____
CC-21-02978-B

| | | |
|---|---|---|
| LARRY LONG, | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | AT LAW NO. ____ |
| | § | |
| P.A.M. TRANSPORTATION | § | |
| SERVICES, INC. | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Larry Long ("Plaintiff") files this Original Petition against P.A.M. Transportation Services, Inc. ("Defendant").

### II.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### III.

### PARTIES

2.      Plaintiff Larry Long is an individual and a citizen of Tarrant County, Texas. The last three numbers of his social security number are 098 and the last three numbers of his Texas driver's license are 322.

3.      Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 297 West Henri De Tonti Boulevard, Tontitown, Arkansas 72770. Defendant may be served with process, including citation and a copy of this

lawsuit, by serving Defendant's registered agent for service of process, Oscar Ramos, 2010 Los Suenos Court, Laredo, Texas 78045.

## IV.

## JURISDICTION

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

6.      Venue is proper in Dallas County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[2]

## VI.

## BACKGROUND FACTS

7.      Plaintiff worked for Defendant from on or about January 2019 until he was wrongfully terminated on or about July 10, 2020.

8.      Plaintiff was the only African American employee in upper management; all other managers are white or Hispanic.

9.      Plaintiff moved down to Defendant's Texas branch in April 2020. Defendant promised Plaintiff a raise, in compensation for the move, and that he would receive this pay increase through his first review in April. While other employees received their reviews, Plaintiff did not.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

10.     Once Defendant conducted its review of Plaintiff, it did not accurately reflect his work ethic. For example, the review failed to mention the 60 truck drivers Plaintiff had brought in, or the fact that Plaintiff's salary was grossly misstated ($0 instead of $120K). Further, the performance review indicated that Plaintiff was uncooperative with his peers, but this was untrue because Defendant sent Plaintiff out to other facilities to help those peers with their location.

11.     While Plaintiff's supervisor, Dave, was on the phone, Plaintiff overheard him call Plaintiff a "n****." This is not the first time it had happened. A coworker, Terry, filed a complaint against Dave. On August 1, 2019, Plaintiff verbally complained to Tyler Majors, Director of HR with PAM. Majors asked for Plaintiff's statement, and two weeks after Plaintiff provided his written statement, Plaintiff was told that the CEO sat down with Dave, and Dave admitted to using racial slurs when referring to Plaintiff. Dave was thereafter suspended.

12.     Plaintiff was told he would not report to Dave anymore but instead would report to a regional vice president ("RVP") in Laredo. However, this RVP was still in the reporting structure under Dave.

13.     On or about September 11, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge # 450-2019-07008) against Defendant for race-based discrimination and retaliation. After Plaintiff filed his Charge, the retaliation began.

14.     Dave began taking credit for Plaintiff's performance and money saving ideas. When Plaintiff introduced a procedure to recoup $34,000 in costs via a subrogation process, Dave reported to Mitzi that the idea and implementation was all his.

15.     After Plaintiff filed his charge of discrimination with the EEOC, Defendant brought up an expense report from March of 2019. Administration did not question Plaintiff about expenses until after he had filed his charge of discrimination with the EEOC.

16.     Plaintiff was also removed from the decision chain after filing his charge of discrimination. In July, Shannon Joseph was told to take issues to Plaintiff if she could not get ahold of Michael Maniace. After Plaintiff filed his charge of discrimination, Ms. Joseph was told to instead take these same issues to Oscar, who had considerably less experience with automotive supply chains than Plaintiff.

17.     Plaintiff worked on a deal that would greatly expand Defendant's network. Plaintiff advised upper-level management, worked closely with other sales representatives, and reviewed operational procedures. Once Plaintiff managed to close the deal, it was almost immediately scrapped. Plaintiff was not given a reason why this happened.

18.     At the beginning of the pandemic, Defendant began furloughing employees. Plaintiff was furloughed on March 21, 2020. Defendant's CEO publicly stated that the company was only furloughing nonessential employees. While furlough was intended for nonessential employees, Plaintiff was the only member in upper level management that was furloughed.

19.     On July 10, 2020, Plaintiff was terminated.

**VII.**

**CONDITIONS PRECEDENT**

20.     Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission, and these Charges were dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

21.     The Charges were filed within 180 days after Plaintiff was terminated.

22.     More than 180 days have passed since the Charges were filed.

23.     Plaintiff has timely exhausted all of his administrative remedies.

## VIII.

## CAUSES OF ACTION

**A.      Cause of Action—Discrimination—TCHRA**

24.     Plaintiff incorporates each of the foregoing paragraphs.

25.     Defendant discriminated against Plaintiff because of his race.

26.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.      Cause of Action—Wrongful Termination—Discrimination—TCHRA**

27.     Plaintiff incorporates each of the foregoing paragraphs.

28.     Defendant terminated Plaintiff's employment because of his race.

29.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**C.      Cause of Action—Unlawful Retaliation—TCHRA**

30.     Plaintiff incorporates each of the foregoing paragraphs.

31.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

32.     In response, Defendant retaliated against Plaintiff and ultimately terminated his employment.

33.     Defendant's actions violated section 21.055 of the Texas Labor Code.

## IX.

## DAMAGES

34.     Plaintiff incorporates each of the foregoing paragraphs.

35.     Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

36.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

37.     Plaintiff seeks all damages available to him under the TCHRA.

38.     Defendant's actions also violated section 451.001 of the Texas Labor Code, which entitles Plaintiff to recover reasonable damages incurred by Plaintiff because of the violation.

39.     Because Defendant's actions were done with actual malice, Plaintiff is entitled to recover punitive damages from Defendant.

40.     Plaintiff seeks all damages available to him under the Texas Anti-Retaliation Statute.

## X.

### ATTORNEYS' FEES AND COSTS

41.     Plaintiff incorporates each of the foregoing paragraphs.

42.     Plaintiff retained the services of undersigned counsel to prosecute his claims.

43.     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

### INJUNCTIVE AND DECLARATORY RELIEF

44.     Plaintiff incorporates each of the foregoing paragraphs.

45.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a.      Prohibiting Defendant from engaging in unlawful discrimination;

    b.      Reinstating Plaintiff's employment with Defendant with backpay;

c.   Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

d.   Paying court costs;

e.   A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

f.   Any additional equitable relief the Court deems proper.

## XII.

## PRESERVATION OF EVIDENCE

46.   Defendant is hereby given notice that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XIII.

## NOTICE PURSUANT TO RULE 193.7

47.   Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XIV.

## JURY DEMAND

48.   Plaintiff demands a trial by jury.

## XV.

## PRAYER

49.   Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.   Back pay and front pay (including benefits);

B.      Compensatory damages;

C.      Punitive damages;

D.      Reasonable attorneys' fees and expert fees;

E.      Injunctive and declaratory relief, including but not limited to, an Order:

      a.      Prohibiting Defendant from engaging in unlawful discrimination;

      b.      Reinstating Plaintiff's employment with Defendant with backpay;

      c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.      Paying court costs;

      e.      A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

      f.      Any additional equitable relief the Court deems proper;

F.      Court costs;

G.      Pre-judgment and post-judgment interest at the rate set by law; and

H.      All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
2777 N. Stemmons Fwy. Suite 1150
Dallas, Texas 75207
Telephone: 214-252-9099
Facsimile: 214-520-9941
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jamie Gilmore on behalf of Jamie Gilmore
Bar No. 24045262
jgilmore@galyen.com
Envelope ID: 55642709
Status as of 7/23/2021 11:55 AM CST

Associated Case Party: LARRY LONG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jamie J.Gilmore | | jgilmore@galyen.com | 7/23/2021 11:35:15 AM | SENT |
| Eli Rodriguez | | elirodriguez@galyen.com | 7/23/2021 11:35:15 AM | SENT |
| Brittney L.Thompson | | bthompson@galyen.com | 7/23/2021 11:35:15 AM | SENT |

# Exhibit 3

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-02978-B**
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

TO:

**P.A.M. TRANSPORTATION SERVICES, INC.**
**SERVE ITS REGISTERED AGENT: OSCAR RAMOS**
**2010 LOS SUENOS COURT**
**LAREDO, TX 78045**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**LARRY LONG**
*Plaintiff(s)*

**VS.**

**P.A.M. TRANSPORTATION SERVICES, INC.**
*Defendant(s)*

Filed in said Court on the 22nd day of July, 2021, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 23rd day of July, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
Momodou Bayo



| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-21-02978-B** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

LARRY LONG, *Plaintiff(s)*

**VS.**

P.A.M. TRANSPORTATION
SERVICES, INC., *Defendant(s)*

**SERVE:**
**P.A.M. TRANSPORTATION**
**SERVICES, INC.**
**SERVE ITS REGISTERED AGENT:**
**OSCAR RAMOS**
**2010 LOS SUENOS COURT**
**LAREDO, TX 78045**

**ISSUED THIS**
**23RD DAY OF JULY, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

JAMIE J GILMORE
BAILEY & GALYEN
2777 N. STEMMONS FWY.
SUITE 1150
DALLAS, TX 75207
214-252-9099

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-02978-B   County Court at Law No. 2

LARRY LONG vs. P.A.M. TRANSPORTATION SERVICES, INC.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT: OSCAR RAMOS
2010 LOS SUENOS COURT
LAREDO, TX  78045

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to P.A.M. TRANSPORTATION SERVICES, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

**Name**                                      **Date/Time**                                **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy        $_____        _____, Officer

Total    $_____        _____, County, Texas

By:_____, Deputy

_____, Affiant

# Exhibit 4

FILED
7/30/2021 1:46 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## AFFIDAVIT OF SERVICE

**State of Texas**　　　　　　**County of Dallas**　　　　**County Court At Law No. 2 Court**

Case Number: CC-21-02978-B

Plaintiff:
**LARRY LONG**

vs.

Defendant:
**P.A.M. TRANSPORTATION SERVICES, INC.**

For:
JAMIE J GILMORE
BAILEY & GALYEN
2777 N. STEMMONS FWY.
SUITE 1150
DALLAS, TX 75207

Received by SPECIAL DELIVERY on the 23rd day of July, 2021 at 2:45 pm to be served on **P.A.M. TRANSPORTATION SERVICES, INC. SERVE ITS REGISTERED AGENT: OSCAR RAMOS, 2010 LOS SUENOS COURT, LAREDO, TX 78045.**

I, Adriana Abigail Brusa, being duly sworn, depose and say that on the **27th day of July, 2021 at 4:48 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date and hour of service endorsed thereon by me, to: **OSCAR RAMOS as Registered Agent** at the address of: **13601 MERCURY DR., LAREDO, TX 78045** on behalf of **P.A.M. TRANSPORTATION SERVICES, INC. SERVE ITS REGISTERED AGENT: OSCAR RAMOS,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40S, Sex: M, Race/Skin Color: Hispanic, Height: 5'7", Weight: 150, Hair: Grey, Glasses: Y

## AFFIDAVIT OF SERVICE For CC-21-02978-B

I am over the age of eighteen, not a party to nor interested in the outcome of the above numbered suit and that I am an Authorized Process Server by the Texas Supreme Court. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the statements therein contained are true and correct.

Subscribed and Sworn to before me on the _____ day of _____, _____ by the affiant who is personally known to me.

NOTARY PUBLIC

REBEKAH HUGHES
Notary ID #130217264
My Commission Expires
May 9, 2023

**Adriana Abigail Brusa**
PSC-16227 EXP. 1/31/23

**SPECIAL DELIVERY**
**Special Delivery Process Department**
5470 L.B.J. Freeway, Suite 100
**Dallas, TX 75240**
**(214) 866-3273**

Our Job Serial Number: LRD-2021000546
Ref: 2040312

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Served
7/23/2021 1:14 PM

# THE STATE OF TEXAS
## CITATION

CAUSE NO. CC-21-02978-B
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

TO:

**P.A.M. TRANSPORTATION SERVICES, INC.**
**SERVE ITS REGISTERED AGENT: OSCAR RAMOS**
**2010 LOS SUENOS COURT**
**LAREDO, TX  78045**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**LARRY LONG**
*Plaintiff(s)*

**VS.**

**P.A.M. TRANSPORTATION SERVICES, INC.**
*Defendant(s)*

Filed in said Court on the 22nd day of July, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 23rd day of July, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
    Momodou Bayo



---

| **ATTORNEY** |
| :---: |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-21-02978-B** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

LARRY LONG, *Plaintiff(s)*

VS.

P.A.M. TRANSPORTATION
SERVICES, INC., *Defendant(s)*

---

**SERVE:**
**P.A.M. TRANSPORTATION**
**SERVICES, INC.**
**SERVE ITS REGISTERED AGENT:**
**OSCAR RAMOS**
**2010 LOS SUENOS COURT**
**LAREDO, TX  78045**

**ISSUED THIS**
**23RD DAY OF JULY, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

---

Attorney for Plaintiff

JAMIE J GILMORE
BAILEY & GALYEN
2777 N. STEMMONS FWY.
SUITE 1150
DALLAS, TX  75207
214-252-9099

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-02978-B   County Court at Law No. 2

LARRY LONG vs. P.A.M. TRANSPORTATION SERVICES, INC.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT: OSCAR RAMOS
2010 LOS SUENOS COURT
LAREDO, TX  78045

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to P.A.M. TRANSPORTATION SERVICES, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____
and the cause or failure to execute this process is:

_____
and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total    $_____     _____, County, Texas

By:_____, Deputy

_____, Affiant

# Exhibit 5

CAUSE NO. CC-21-02978-B

| | | |
|---|---|---|
| **LARRY LONG** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **P.A.M. TRANSPORTATION** | § | |
| **SERVICES, INC.** | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant P.A.M. TRANSPORTATION SERVICES, INC. files its *Original Answer* in response to *Plaintiff's Original Petition*. Defendant pleads the following:

### I.
### GENERAL DENIAL

1.      Defendant generally denies each and every allegation, claim, and cause of action pled against it by Plaintiff and any other party.  Defendant demands strict proof of each allegation, claim, and cause of action.

### II.
### AFFIRMATIVE DEFENSES

2.      ***Failure to exhaust administrative remedies***.  Plaintiff failed to exhaust administrative remedies to the extent Plaintiff did not timely file under the right to sue letters issued by the EEOC and/or did not obtain right to sue letters from the Texas Workforce Commission for each of his causes of actions under the Texas Labor Code.

3.      ***Statute of limitations***.  Plaintiff's claims are time-barred to the extent that any of the alleged discrimination or retaliation occurred more than 180 days prior to Plaintiff's filing of respective charges with the Equal Employment Opportunity Commission and/ or the Texas Workforce Commission.

4.      ***Statutory cap on damages***. Damages in this action are limited pursuant to § 21.2585 or any other applicable section of the Texas Labor Code.

5.      ***Failure to mitigate***. Plaintiff's claimed damages are further limited to the extent Plaintiff failed to mitigate his damages arising from the alleged discrimination and retaliation.

6.      ***Reasonable factor for termination***. Plaintiff was not terminated based on race. Plaintiff was terminated pursuant to a reduction brought on by COVID-19, which is a legitimate non-discriminatory business reason.

### III.
### RULE 193.7 NOTICE

2.      Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby gives actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

### IV.
### JURY DEMAND

3.      In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant demands a trial by jury and tenders payment for same.

### V.
### PRAYER

WHEREFORE, PREMISE CONSIDERED, Defendant P.A.M. Transportation Services, Inc. prays that Plaintiff take nothing by this suit, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
T:  214-379-6900 / F:  214-379-6939

By:     */s/ Robert L. Rickman*
        Robert L. Rickman
        rrickman@mayerllp.com
        State Bar No. 24013400
        Mavish Bana
        mbana@mayerllp.com
        State Bar No. 24096653

COUNSEL FOR DEFENDANT PAM
TRANSPORTATION SERVICES, INC.

## CERTIFICATE OF SERVICE

This is to certify that on August 23, 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

Jamie J. Gilmore
Brittney L. Thompson
BAILEY & GALYEN
2777 N. Stemmons Fwy. Suite 1150
Dallas, Texas 75207
jgilmore@galyen.com
State Bar No. 24045262
bthompson@galyen.com
State Bar No. 24104618

Counsel for Plaintiff

☐   E-MAIL
☐   HAND DELIVERY
☐   FACSIMILE
☐   OVERNIGHT MAIL
☐   REGULAR, FIRST-CLASS MAIL
☐   E-SERVE (E-SERVICE ONLY)
☒   E-FILE (E-FILE AND SERVICE)
☐   CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*/s/ Robert L. Rickman*
Robert L. Rickman

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Cotten on behalf of Robert Lawrence Rickman
Bar No. 24013400
rcotten@mayerllp.com
Envelope ID: 56535940
Status as of 8/23/2021 3:58 PM CST

Associated Case Party: LARRY LONG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jamie J.Gilmore | | jgilmore@galyen.com | 8/23/2021 8:04:43 AM | SENT |
| Brittney L.Thompson | | bthompson@galyen.com | 8/23/2021 8:04:43 AM | SENT |
| Eli Rodriguez | | elirodriguez@galyen.com | 8/23/2021 8:04:43 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JAMIE JGILMORE | | elirodriguez@galyen.com | 8/23/2021 8:04:43 AM | SENT |
| Misty Riggins | | mriggins@mayerllp.com | 8/23/2021 8:04:43 AM | SENT |

Associated Case Party: P.A.M. TRANSPORTATION SERVICES, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rob L.Rickman | | rrickman@mayerllp.com | 8/23/2021 8:04:43 AM | SENT |
| Mavish Bana | | mbana@mayerllp.com | 8/23/2021 8:04:43 AM | SENT |